IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GILBERT EUGENE PERRY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:22-CV-203-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

On October 19, 2022, Petitioner Gilbert Eugene Perry tendered to the Clerk a pleading attempting to initiate a civil rights cause pursuant to 42 U.S.C. § 1983. (ECF 3). After reviewing the allegations and requested relief, the Court redesignated the matter a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF 4).

Petitioner sought release from the Potter County Jail, alleging he had completed a sentence imposed by the 108th District Court of Potter County, Texas for Enhanced Assault Family Violence charges. (ECF 5 at 1). In light of that allegation, the Court ordered expedited answers from the Director of the Texas Department of Criminal Justice – Correctional Institutions Division and Potter County Sheriff Brian Thomas. (*Id.*).

While Respondents assert a failure by Petitioner to exhaust his state court remedies, (ECF 8 at 3; ECF 9 at 2), both acknowledge that Petitioner has since been discharged from custody on the Potter County charges and the case is now moot. (ECF 8 at 2; ECF 9 at 3–4).

Although Perry remains on parole for unrelated charges, (ECF 8 at 2), he has been released from custody on the matter which underlies his Petition, the precise relief he seeks. (ECF 3 at 3). The matter is, therefore, moot.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by Petitioner GILBERT EUGENE PERRY be DISMISSED AS MOOT.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 10, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).